UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX LEONARD AZEVEDO,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondent. | No. 2:17-cv-0115 JAM GGH<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se and in formal pauperis with a petition for a writ of habeas corpus pursuant to 28 U.S.C. section 2254. He has pending a request for appointment of counsel, and Respondent has pending a Motion to Dismiss for lack of jurisdiction.

*PROCEDURAL BACKGROUND*

Petitioner was convicted of resisting an executive officer on November 23, 2016 in Colusa County Superior Court, and sentenced to a 3 year determinate sentence in the Colusa County Jail. ECF No. 17 at 7.[1] On December 17, 2016 a Notice of Appeal was filed by petitioner with the Third District Court of Appeal. ECF No. 17 at 4. That court appointed counsel to represent the petitioner as appellant on January 20, 2017, and that counsel, Lauren E. Dodge, is proceeding

---

[1] Respondent has attached two documents to the Motion to Dismiss: (1) Abstract of Judgment from the records of the Colusa County Superior Court, ECF No. 17 at 7, (2) the docket of the Third District Court of Appeal from that court's website, Id. at 4. Both documents are subject to such notice pursuant to Federal Rule of Evidence 201(b).

1

with the appeal and is scheduled to file petitioner's Opening Brief later this month. Id.[2]

### 1. *Request for Appointment of Counsel*

Petitioner has requested that this court appoint counsel for him. As a general proposition, there currently exists no absolute right to such an appointment in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir.1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at this point in the proceedings.

### 2. *Motion to Dismiss*

Pending on the court's docket is Respondent's Motion to Dismiss the Petition on the ground, inter alia, that petitioner has a direct appeal pending in the California Court of Appeal. This is a straightforward factual argument that petitioner has yet to exhaust his direct appeal rights. The Antiterrorism and Effective Death Penalty Act ["AEDPA"] states that no habeas relief may be granted unless "the applicant has exhausted the remedies available in the courts of the State" or an exception applies. 28 U.S.C. § 2254(b)(1)(A). Petitioner has not filed an Opposition to the Motion disputing this factual contention or explaining why his case is excepted from the requirement. The court has determined, however, that any such effort would be fruitless insofar as there is a state court appeal pending below and, as a result, the claim(s) have not been exhausted.

Accordingly, **IT IS HEREBY ORDERED THAT**

1. Petitioner's request for leave to proceed in forma pauperis is granted.

2. Petitioner's Motion for Appointment of Counsel is denied.

**IT IS HEREBY RECOMMENDED THAT:**

The Petition for Writ of Habeas Corpus be dismissed without prejudice to its refiling after State remedies have been exhausted, if appropriate.

---

[2] Petitioner was served with the Motion to Dismiss to which is attached the Appellate Court docket. Petitioner has asked this court to access the record of Marsden hearings held in the trial court and should now be apprised that the Appellate Court has provided those records to his appellate counsel by reference to the Court's docket cited above.

| | |
|---|---|
| 1 | These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within 14 days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). |

Dated: April 20, 2017

                /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE